

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

|  |  |  |
|---|---|---|
| **BARTON ROBINSON, individually** | ) | |
| **and as administrator of the estate of** | ) | |
| **WILLIAM LLOYD ROBINSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. CV-06-S-00921-M** |
| **vs.** | ) | |
| | ) | |
| **TINA ROBINSON and** | ) | |
| **SOUTHERN COMPANY** | ) | |
| **SERVICES, INC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

This proceeding is one of three actions involving the same or similiar facts.  In addition to this proceeding, there is a wrongful death action brought by plaintiff, Barton Robinson, in the Circuit Court of Cherokee County, Alabama.  The third action is the matter of the estate of William Lloyd Robinson, in the Probate Court of Cherokee County, Alabama.

Plaintiff, Barton Robinson, commenced the present action by filing a Bill of Interpleader in the Circuit Court of Cherokee County, Alabama on April 7, 2006.[1] Defendants, Metropolitan Life Insurance Company ("Metlife"), Southern Company Services, Inc. ("Southern"), and Tina Robinson removed the action to this court

---

[1]Doc. no. 1 (Defendant's Notice of Removal).

pursuant to 28 U.S.C. §§ 1441 *et seq.*[2]  Defendant Metlife interpled funds in the amount of $196,038.51 and deposited that sum with the Clerk of this court on September 1, 2006.[3]  This court dismissed the claims against Metlife on September 6, 2006, and also dismissed, with prejudice, all claims against Southern with respect to the so-called "Life Plan" benefits.[4]  Defendant Tina Robinson then moved for Summary Judgment based upon the contention that Alabama's "slayer statute" does not apply to this case.  *See* Ala. Code § 43-8-253 (1975).  Robinson argues there is no genuine issue of material fact as to the beneficiary of the insurance proceeds.[5]  For the reasons set forth herein, the motion is due to be granted.

## I. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 provides, in part, that summary judgment not only is proper, but "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P.56(c).  Thus, "the plain language of

---

[2]*Id.*

[3]Doc. no. 12 (Defendant, Metlife's, Consent Motion for Leave to Interplead Funds).

[4]Doc. no. 5 (Order Dismissing Fewer than All Defendants).

[5]Doc. no. 19 (Defendant, Tina Robinson's, Motion for Summary Judgment). *See also* doc. no. 21 (Defendant Tina Robinson's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment).

Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).   Additionally, mere allegations without sufficient evidence favoring the nonmoving party do not create a genuine issue of material fact. *Chapman v. AI Transport*, 229 F. 3d 1012, 1023 (11th Cir. 2000) (*en banc*).  The court makes factual inferences, however, in the light most favorable to the nonmoving party.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

## II. DISCUSSION

William Lloyd Robinson ("the decedent") died of a gun shot wound to the chest on January 7, 2006.  The incident occured outside the decedent's home in Gaylesville, Alabama.[6]  Tina Robinson, the decedent's wife, was home at the time of the shooting, and notified the authorities.[7]   The Coroner of Cherokee County, Alabama described the decedent's death as a homicide on the certificate of death dated January 19, 2006.[8]  Tina Robinson is the named beneficiary of decedent's life

---

[6]Doc. no. 20 (Plaintiff's Response to Tina Robinson's Motion for Summary Judgment). *See also* doc. no. 19 (Tina Robinson's Motion for Summary Judgment).

[7]*Id.*

[8]Alabama Certificate of Death (Attached to doc no 19 as Exhibit A (Robinson's Motion for Summary Judgment)).

insurance policy, and decedent's estate is listed as the contingent beneficiary.[9]

Plaintiff, Barton Robinson, as the administrator of the decedent's estate, argues that the decedent's estate is the rightful beneficiary of the life insurance proceeds because Tina Robinson is precluded from taking the proceeds by Alabama's "slayer statute." The Alabama statute, in relevant part, states that:

> [a] named beneficiary of a . . . life insurance policy . . . who feloniously and intentionally kills the principal obligee or the person upon whose life the policy is issued is not entitled to any benefit under the . . . policy . . . and it becomes payable as though the killer had predeceased the decedent.

Ala. Code § 43-8-253(c) (1975). The statute does not require a criminal conviction to deprive a beneficiary of life insurance proceeds. Rather, "[i]n the absence of a conviction of felonious and intentional killing the court may determine whether the killing was felonious and intentional for purposes of this section." Ala. Code § 43-8-253(e). The sole issue before this court is whether there is sufficient evidence to determine that the Alabama "slayer statute" *may* preclude Tina Robinson from receiving the proceeds from the decedent's life insurance — that is whether *this* court will disburse those proceeds to Tina Robinson, or hold them until the proper court makes a determination on the merits.[10]

---

[9]Doc. no. 1 (Defendant's Notice of Removal).

[10]Ala. Code § 43-8-253 cmt. (1975) ("[T]he probate court is the proper forum to determine the effect of killing on succession to property of the decedent.").

-4-

Tina Robinson argues that there is no evidence upon which a reasonable person could conclude by a preponderance of the evidence that she "feloniously and intentionally" killed the decedent. Tina Robinson argues that plaintiff's case rests on mere allegations, and that plaintiff's only evidence is the certificate of death indicating the coroner's assessment that the decedent's death was a homicide. Tina Robinson asks the court to take notice that plaintiff has not employed an expert witness, and the deadline set by this court to give notice of such has passed. The plaintiff has not deposed a single party, and has not propounded any requests for discovery. Additionally, Tina Robinson provides plaintiff's responses to interrogatories that show the only witness plaintiff intends to call is Tina Robinson.[11] Tina Robinson also submits evidence in the form of her affidavit, in which she avers that she was inside the home at the time of the shooting, which occurred outside the home.[12] Tina Robinson has not been arrested, charged, or indicted for any crime in connection with the decedent's death.

Tina Robinson does not have to prove, by evidence, the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing' . . . an absence of evidence to support the nonmoving party's case."

[11]Plaintiff's Answer's to Tina Robinson's Interrogatories (attached to doc. no. 19 (Tina Robinson's Motion for Summary Judgment)).

[12]Affidavit of Tina Robinson (attached to doc no. 19 as Exhibit B (Tina Robinson's Motion for Summary Judgment)).

*Celotex Corp.*, 477 U.S. at 325.  Tina Robinson has made a sufficient "showing."

Plaintiff offers little of substance in response to Tina Robinson's Motion for Summary Judgment.  Plaintiff provides an affidavit from Investigator Mark Hicks, an employee of the Cherokee County Sheriff's office, in which Investigator Hicks states: "Ms. Tina Robinson can not be eliminated as a suspect and person of interest concerning the shooting death of William L. Robinson which . . . is an open and on going investigation."[13]  Plaintiff submits a copy of a "public notice," apparently disseminated by plaintiff, seeking information regarding the decedent's death, to show that he is actively gathering facts to support his claim.[14]  Plaintiff admits that information has not been forthcoming, and submits as a reason for the lack of public response that Tina Robinson killed the decedent.  Additionally, plaintiff notes that Tina Robinson is the defendant in an Alabama wrongful death action in Cherokee County Circuit Court.[15]  Finally, plaintiff states that Tina Robinson cashed checks made payable to her from Southern Company Savings Plan one day after being served with the initial complaint in this action.  Plaintiff contends the fact that she cashed those checks constitutes further evidence that she is attempting to collect funds she

---

[13]Affidavit of Mark Hicks (attached to doc. no. 20 as Exhibit H (Plaintiff's Response to Tina Robinson's Motion for Summary Judgment)).

[14]Flyer for Information (attached to doc. no. 20 as Exhibit G (Plaintiff's Response to Tina Robinson's Motion for Summary Judgment)).

[15]*Barton Robinson vs. Tina S. Robinson*, CV 2007 0041 DAR.

wrongfully received as result of killing the decedent.

Plaintiff's response is insufficient to avoid summary judgment.  The affidavit of Mr. Hicks falls short in two respects.  First, Mr. Hicks does not state in positive fashion that Tina Robinson is a suspect or person of interest in the death of the decedent.  Instead, Mr. Hicks states in the negative that Tina Robinson cannot be eliminated as a suspect or person of interest.  The two are not logically equivalent, and the latter does not implicate Tina Robinson in any wrongdoing.  Secondly, Mr. Hicks does not characterize the decedent's death in a manner that would implicate the Alabama "slayer statute."  While the statute contemplates a felonious and intentional killing, Mr. Hicks refers generically to a "shooting death."

Plaintiff's submission of a flyer through which he sought to gain more information surrounding the decedent's death does not support plaintiff's allegations. People may have multiple reasons for not responding to plaintiff's flyer, including having no information to provide. It does not follow, however, that because no one has responded, Tina Robinson killed the decedent.  Similarly, plaintiff's action against Tina Robinson in the Circuit Court of Cherokee County, Alabama does not aid the court's determination in this proceeding.  The filing of a complaint is simply not evidence.  Essentially, the same is true with respect to Tina Robinson's cashing of checks made payable to her by Southern.  The fact that she did so has no bearing

as to whether Alabama's "slayer statute" prevents her from receiving the decedent's life insurance proceeds. Thus, plaintiff has failed to meet his burden in opposing Tina Robinson's Motion for Summary Judgment, and the proceeds are due to be dispersed.

To be clear, this court does not and will not endeavor to determine whether Tina Robinson feloniously and intentionally killed the decedent. This court only decides that there is not sufficient evidence, at this time, to continue to hold the life insurance proceeds, interpled by Metlife, on the basis that Alabama's "slayer statute" *may* vitiate Tina Robinson's right to those proceeds. The court makes no comment regarding whether plainitff may request the Cherokee County Circuit Court, or the Cherokee County Probate Court, to freeze the insurance proceeds, pending a final determination on the merits.[16]

### III. CONCLUSION AND ORDER

Therefore, it is ORDERED, ADJUDGED, and DECREED that Tina Robinson have and recover the sum or amount of $196,038.51 deposited into the registry of this court by Metlife, plus all accrued interest, less an administrative fee. Therefore, the Clerk of Court is directed to draw a check on the registry funds in this action in the

---

[16]It is unclear whether the probate court or the circuit court is the proper forum to present the arguments regarding the applicability of the Alabama "slayer statute." *See* commentary to Ala. Code § 43-8-253.

sum or amount of One Hundred and Nintey Six Thousand, Thirty Eight and 51/100 Dollars ($196,038.51), plus accrued interest in the amount of $4,173.85, less an administrative fee in the amount of $417.39, for a total amount of $199,794.97 made payable to Tina Robinson, and mailed to her attorney, J. Shane Givens, at 296 East Main Street, Centre, Alabama 35960.

Costs incurred herein are taxed to plaintiff, Barton Robinson.  The Clerk is directed to close this file.

DONE this 12th day of June, 2007

_____
United States District Judge